IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 23 B 00895 |
| | ) | |
| TROY A. WHITE, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. LaShonda A. Hunt |

**OBJECTION OF SANTANDER CONSUMER USA INC., D/B/A CHRYSLER CAPITAL TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN**

SANTANDER CONSUMER USA INC., D/B/A CHRYSLER CAPITAL ("Santander"), a creditor herein, by its attorneys, the law firm of Sorman & Frankel, Ltd., pursuant to Sections 1325(a)(5)(B), 1325 (a)(9), and 1326(a)(1) of the Bankruptcy Code, 11 U.S.C. §§1325(a)(5)(B), 1325 (a)(9), and 1326(a)(1) (West 2023), and such other Sections and Rules as may apply, for its Objection to Confirmation of Debtor's proposed Chapter 13 Plan, respectfully states as follows:

1. On January 24, 2023, Troy A. White ("Debtor") filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code and proposed Chapter 13 Plan (the "Plan"), which is scheduled for a confirmation hearing on March 24, 2023.

2. Santander is a creditor of the Debtor with respect to a certain indebtedness secured by a lien upon a 2020 Chrysler 300 motor vehicle bearing a Vehicle Identification Number of 2C3CCABT1LH180840 (the "Vehicle"). (See Ex. "A"). Debtor purchased the Vehicle on May 26, 2022, *i.e.* less than 910 days prior to the commencement of these proceedings.

3. As set forth in the Retail Installment Contract attached as Exhibit "A", Debtor was required to tender equal monthly payments to Santander, each in the sum of $799.29 with an interest rate of 9.81%. (See Ex. "A").

4. As of the date of the commencement of these proceedings, Debtor's account with Santander was in default in the amount of $3,438.94.

5. Debtor has not provided Santander or its counsel with proof of a valid full coverage insurance policy for the Vehicle identifying Santander as the lienholder/loss payee to protect Santander's interest in the Vehicle from loss or destruction.

6. There remains a total outstanding balance due to Santander from Debtor in the sum of $43,753.03.

7. Debtor's Plan identifies Santander as a secured creditor in Section 3.3. Santander objects to the treatment proposed in the Plan as follows:

   A. Debtor proposes to pay the foregoing at an interest rate of 6.00%. Debtor's Plan fails to provide payments to Santander for the present value of its claim because the Plan does not provide for adequate interest payments. As mandated by the United States Supreme Court in Till v. SCS Credit Corp., 541 U.S. 465 (2004), this Court must determine the appropriate rate of interest to be paid to Santander in the Plan by providing Santander with a "risk adjustment" sufficient to compensate it for the added risk of the debtor having commenced bankruptcy proceedings. The circumstances of Debtor's bankruptcy estate, wherein Debtor's financial condition has presumptively deteriorated since the purchase of the Vehicle and resulting in the commencement of these proceedings, clearly show that Debtor could not obtain financing the proposed rate. As such, Santander asserts that it is entitled to be paid on its claim at the current prime rate of interest plus a risk factor of at least 3%, *i.e.*, 10.75%;

   B. Debtor provides for pre-confirmation adequate protection payments of only $219.00 and for set monthly payments of only $846.18. However, in order to comply with 11 U.S.C. § 1325(a)(5)(B)(iii), Debtor is required to propose a Plan that provides equal, fixed monthly payments to Santander in a manner sufficient to satisfy its secured

claim, *i.e.* $1,427.24 per month, as calculated by a secured claim of $43,753.03 with an interest rate of 10.75% amortized over 36 months. (See Ex. "B").

8. In addition to the foregoing, Santander objects to the treatment proposed in the Plan as follows:

A. Based on the inaccurate information provided by Debtor therein, the plan, as proposed, is not feasible;

B. Debtor's Plan does not protect Santander's right to retain its lien on the Vehicle. As such, Santander requests that language be added to Section 8 of the Plan stating that Santander will retain its lien until the earlier of payment of the underlying debt in full as determined under nonbankruptcy law or discharge pursuant to 11 U.S.C. §1328.

9. For the reasons stated above, Debtor's Plan fails to comply with the applicable provisions of the Bankruptcy Code and must provide for and satisfy the objections specified herein to be feasible and provide Santander adequate protection.

**WHEREFORE**, Santander Consumer USA Inc., d/b/a Chrysler Capital respectfully requests that this Court enter an Order denying Debtor's request for confirmation of the Plan; and, for such other, further, and different relief as this Court deems just and proper.

    Respectfully submitted,
    SANTANDER CONSUMER USA INC., D/B/A CHRYSLER CAPITAL,
    Creditor,
    By: ___/s/ Cari A. Kauffman___
    One of its attorneys

David J. Frankel (Ill. #6237097)
Cari A. Kauffman (Ill. #6301778)
Sorman & Frankel, Ltd.
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312) 332-3535 / (312) 332-3545 (facsimile)